UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
IN RE APPLICATION OF SAN FRANCISCO
CHRONICLE AND ALBANY TIMES                    **MEMORANDUM**
UNION FOR ACCESS TO CERTAIN                   and **ORDER**
SEALED DOCUMENTS IN 05-M-1539

                                              07-00256-MISC (TCP)



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PLATT, District Judge

        Before this Court is an application by San Francisco Chronicle and Albany Times Union newspapers to unseal redacted and sealed information in a search warrant affidavit submitted to the Court in <u>United States v. The Premises Known and Described As [Redacted]</u>, No. 05-1539 (E.D.N.Y.).[1] The Applicants base their applications in this proceeding on the First Amendment and federal common law rights of access to publicly filed judicial documents. For the following reasons, the motion is DENIED. The additional request to hold oral argument in the same matter is also DENIED.

## BACKGROUND

On December 14, 2005, federal agents executed a search warrant at the home of Kirk Radomski. The warrant was based on an affidavit by IRS Special Agent Jeff Novitzky which describes the evidence demonstrating that Mr. Radomski illegally distributed anabolic steroids to

---

[1] The applicants are not parties in this case and, of course, are not making "motions" in this case.

1

various professional baseball players. As a result of the search that occurred and the subsequent investigation, Mr. Radomski was indicted for steroid distribution, in violation of 21 U.S.C. § 841(a)(1), and money laundering, in violation of 18 U.S.C. § 1956. On April 27, 2007, Mr. Radomski pleaded guilty. In announcing the guilty plea, the government noted that Mr. Radomski would be required to cooperate with the government on an ongoing basis, and further noted that Mr. Radomski would be required to cooperate with the Mitchell Commission in its task of investigating illegal steroid use in Major League Baseball.

On the same date that Mr. Radomski pleaded guilty, the government filed a motion to unseal portions of the search warrant affidavit for Mr. Radomski's home. The unsealed material included information outlining the government's investigative steps in gathering information in support of the search of Mr. Radomski's home. The government redacted two categories of information: (1) personal information of Mr. Radomski and (2) names of individuals who have not been charged with any crime. The government asserts that this information is relevant to an ongoing investigation.

The San Francisco Chronicle and Albany Times Union have made their application to this Court to unseal the redacted portions of the search warrant materials in the pending action based on two grounds: (1) First Amendment right of access, and (2) federal common law right of access to publicly filed judicial documents. We will address each ground seriatim.

**DISCUSSION**

    1.    <u>First Amendment</u>

The Second Circuit has articulated two approaches to determine whether a First Amendment right of access applies to particular judicial documents. <u>Lugosch v. Pyramid Co.</u>, 435 F.3d 110, 120 (2d Cir. 2006). First is the "logic and experience" approach which recognizes a First Amendment right where the documents have historically been open to the public, and where public access plays a significant role in the oversight and functioning of the judiciary. <u>Id.</u> The second approach considers the extent to which access to the documents is a necessary corollary of the public's capacity to attend relevant judicial proceedings. <u>Id.</u> Applicants fail to satisfy either approach.

There is no tradition of public access to the names of unindicted third-parties and to specific personal identifying information where disclosure of this information is sought by the public. Additionally, there is no traditional right of public access to search warrant materials nor is there a traditional right for the public to attend search warrant proceedings, which are conducted <u>ex parte</u>. To the contrary, pre-trial proceedings in general are historically not proceedings which are made open to the public. <u>Press-Enterprise Co. v. Superior Court</u>, 478 U.S. 1, 21-24 (1986) (Stevens J., dissenting) (discussion of historical lack of openness of pre-trial proceedings); <u>Times Mirror Co., v. U.S.</u>, 873 F.2d 1210, 1213-14 (9th Cir. 1989) (no historical tradition of access to warrant proceedings).

Furthermore, public access to the names of baseball players with whom Mr. Radomski is associated, and to Mr. Radomski's home address and telephone number at the time of the search, has no role in the oversight or functioning of the judicial and law enforcement processes of

applying for, approving, and executing search warrants. Requiring public disclosure would have a negative effect on the government's effort to investigate criminal conduct including the potential of witness corruption, the destruction of evidence, and the flight of persons under investigation.

Applicants also fail to satisfy the second approach. Because there is no traditional public right to attend search warrant proceedings, public disclosure of the search warrant materials cannot be "a necessary corollary of the capacity to attend the relevant proceedings." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 93 (2d Cir. 2004).

Even if this Court were to determine that a qualified First Amendment right of access applies to search warrant materials, the redactions may remain sealed if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch, 435 F.3d at 120.

In this case, the sealed affidavit lays out sufficient information for this Court to make an on-the-record finding that continued closure is necessary to preserve ongoing criminal investigations in the pending action. These ongoing investigations (1) continue to rely on the cooperation of Mr. Radomski, (2) have relied on and may continue to rely on the cooperation of third parties whose names have been redacted in the affidavit and who have already been contacted by the government, (3) may rely on the future cooperation of third parties whose names have been redacted, and (4) have relied on and may continue to rely on the cooperation of third parties who are not named in the affidavit, but who are otherwise linked to the redacted information.

The unindicted third parties also have a substantial privacy interest in maintaining the

4

search warrant materials in redacted form. In two related cases involving redacted search warrant materials, the Court of Appeals for the Eighth Circuit upheld redaction of the names of unindicted third parties as a narrowly tailored response to address the public's right of access, both before and after a government investigation concludes. Certain Interested Individuals v. Pulitzer Publishing Co., 895 F.2d 460 (8th Cir. 1990), In re Search for Secretarial Area Outside the Office of Thomas Gunn, 855 F.2d 569 (8th Cir. 1988). In Certain Interested Individuals, the Court of the Appeals for the Eighth Circuit concluded that the unindicted third parties had a substantial stake in confidentiality. The court's analysis on this issue is particularly relevant:

> We believe that the procedural posture of the government's criminal investigation must be considered in the balancing process and that the absence of an indictment weighs heavily in favor of the privacy interests and non-disclosure. . . .
>
> We think the lack of an indictment is critical because where no indictments have issued against persons allegedly involved in criminal activity, there is a clear suggestion that, whatever their truth, the Government cannot prove these allegations. The court of public opinion is not the place to seek to prove them. If the Government has such proof, it should be submitted to a grand jury, an institution developed to protect all citizens from unfounded charges. All citizens, whatever their real or imagined past history, are entitled to the protection of a grand jury proceeding. . . .
>
> Moreover, in the absence of an indictment and a pending criminal trial, individuals whose . . . conversations are disclosed have no judicial forum in which they may potentially vindicate themselves or their conduct. Without an indictment, there can be no trial and, from their perspective, no acquittal. . . .
>
> These search warrant affidavits implicate some individuals directly in criminal misconduct, others only indirectly. Disclosure could seriously damage their reputations and careers.

Id. At 466-67. (internal quotation marks and citations omitted). Therefore, the ongoing nature of the government's criminal investigation combined with the substantial privacy interests of the unindicted third parties constitute a "higher value" mandating continued non-disclosure of the redacted material in the pending action.

The redactions are narrowly tailored to protect the identity of the unindicted third parties and to facilitate the government's ongoing criminal investigation. The government has already unsealed the search warrant and supporting affidavits and redacted only Mr. Radomski's address and telephone number as well as names of unindicted third parties. There are no other alternatives which could reveal more information to the public while protecting the government's interest in conducting its criminal investigation and while protecting the privacy interests of unindicted third parties.

In sum, the First Amendment claim made by Applicants does not provide a basis for disclosure of the redactions in the search warrant materials at issue. Even if this Court were to determine that a qualified First Amendment right to search warrant materials exists, the redactions at issue here are narrowly tailored to further the higher value of maintaining the privacy interests of unindicted third parties and avoiding interference in ongoing criminal investigations.

2. Common Law Right of Access

Although the Court of the Appeals for the Second Circuit has never decided whether a qualified First Amendment right exists regarding search warrant materials, it has held that the public has a qualified common law right of access to search warrant materials after an investigation is over. See In re Newsday, Inc., 895 F.2d 74, 76 (2d Cir. 1990). The weight to be given the common law presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir.

6

1995). After determining the weight of the presumption of access, the court must "balance competing considerations against it" including, but not limited to "the danger of impairing law enforcement or judicial efficiency" and the "privacy interests of those resisting disclosure." Id.

Here, the role of the redacted material in the exercise of Article III judicial power and the value of the redacted information in monitoring the federal courts are minimal. The Applicants acknowledge the "government's investigation, including its investigatory techniques and findings, are laid out for the public to see in the unredacted portions of the affidavit in painstaking detail." (Motion to Unseal at 8). Therefore, the legitimate public interest in monitoring the activities of the government and the judiciary has been vindicated by the unredacted portions of the affidavit. Disclosure of the names of the unindicted third parties and of Mr. Radomski's address and telephone number have very little, if any, role in public monitoring of the courts or of law enforcement.

Furthermore, competing considerations easily outweigh the minimal presumption of public access to the search warrant materials in this case. As stated above, the government has a clear and substantial interest in continuing its ongoing investigation into distribution of steroids to professional baseball players and the unindicted third parties have a compelling privacy interest in maintaining the search warrant affidavit in its redacted form. Therefore, the common law right access does not provide a basis for disclosure of the redactions of the search warrant materials in this case.

## CONCLUSION

For the reasons stated above, the application by the San Francisco Chronicle and Albany Times Union to unseal redacted portions of the search warrant materials in the pending action must be and is hereby DENIED in all respects.

/s/

Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York

September 14, 2007